UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARY PAULINE RIVERA,<br><br>                              Plaintiff,<br><br>    vs.<br><br>MARTEN TRANSPORT SERVICES, LTD,<br><br>                              Defendant. | CASE NO. 11CV375 JLS (WVG)<br><br>**ORDER (1) GRANTING PLAINTIFF'S MOTION TO PROCEED** *IN FORMA PAUPERIS* **AND (2)** *SUA SPONTE* **DISMISSING COMPLAINT WITHOUT PREJUDICE**<br><br>(Doc. No. 2.) |

Plaintiff, proceeding *pro se*, filed the instant complaint along with a motion to proceed *in forma pauperis*. A Federal Court may authorize the commencement of an action without the prepayment of fees if the party submits an affidavit, including a statement of assets, showing that she is unable to pay the required filing fee. 28 U.S.C. § 1915(a). Plaintiff is current employed as a substitute teacher. (Memo. ISO Motion at 2.) Her employment is on an as-needed basis and she has had only one substitute job since late August 2010. (*Id.*) Her only other source of income is $500 she receives each month from Marten Rivera. (*Id.*) Her assets are limited to a checking account containing $4.80, a 2000 Honda Accord, and a non-functioning 1992 Honda Civic. (*Id.*) She also carries $47,000 of debt. (*Id.*) Based on this information, the Court **GRANTS** Plaintiff's motion to proceed *in forma pauperis*.

A complaint filed by any person seeking to proceed *in forma pauperis* pursuant to 28

U.S.C. § 1915(a) is subject to a mandatory and *sua sponte* review. Dismissal is appropriate if the complaint is "frivolous, malicious, fail[s] to state a claim upon which relief may be granted, or seek[s] monetary relief from a defendant immune from such relief." 28 U.S.C. § 1915(e)(2)(B); *Calhoun v. Stahl*, 254 F.3d 845 (9th Cir. 2001).

The instant complaint fails to state a basis for federal subject matter jurisdiction and should be dismissed. Plaintiff alleges this Court has jurisdiction pursuant to 28 U.S.C. § 1332(a)(1), diversity jurisdiction. Diversity jurisdiction requires, among other things, complete diversity of citizenship between the parties. *Fid. and Guar. Life Ins. Co. v. Albertson*, 2007 U.S. Dist. LEXIS 44689, at *3. Plaintiff alleges that she is a citizen of California. Plaintiff alleges that Defendant is a corporation incorporated in California and has a principal place of business in Wisconsin. A corporation is a citizen of both the state in which it has been incorporated and the state where it has its principal place of business. 28 U.S.C. § 1332(c)(1). Based on Plaintiff's allegations, Plaintiff, a citizen of California, and Defendant, also a citizen of California, are not completely diverse. This Court does not have jurisdiction pursuant to diversity jurisdiction.

Because the Court lacks subject matter jurisdiction over the matter, Plaintiff's complaint is **DISMISSED WITHOUT PREJUDICE**. Plaintiff may file an amended complaint within 14 days of this Order being electronically docketed.

**IT IS SO ORDERED.**

DATED: March 15, 2011

_Janis L. Sammartino_
Honorable Janis L. Sammartino
United States District Judge