# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| MARY PAULINE RIVERA, | CASE NO. 11CV375 JLS (WVG) |
|---|---|
| Plaintiff, | **ORDER (1) GRANTING DEFENDANT'S MOTION TO VACATE DEFAULT AND (2) DISMISSING AS MOOT PLAINTIFF'S MOTION FOR ENTRY OF DEFAULT JUDGMENT** |
| vs. | |
| MARTEN TRANSPORT SERVICES, LTD, | |
| Defendant. | (ECF Nos. 15 & 18.) |

Presently before the Court is Defendant Marten Transport Services, LTD's motion to vacate clerks entry of default, (ECF No. 18), and Plaintiff Mary Rivera's motion for entry of default judgment, (ECF No. 15). After consideration, the Court **GRANTS** Defendant's motion to vacate the clerks entry of default and **DISMISSES AS MOOT** Plaintiff's motion for entry of default judgment.

## BACKGROUND

Plaintiff filed her first amended complaint on March 24, 2011. (ECF No. 4.) On May 13, 2011, the clerk of court entered default against Defendant. (ECF No. 10.) Four days later, Defendant filed its answer to the complaint. (ECF No. 11.) Defendant then filed the present motion to set aside default, (ECF No. 15), and Plaintiff responded with a motion for entry of default judgment, (ECF No. 18).

**DISCUSSION**

Under Federal Rule of Civil Procedure 55(c), a court may set aside an entry of default for good cause. Fed. R. Civ. P. 55(c). The good cause analysis consists of three factors: (1) whether the defendant's culpable conduct led to the default; (2) whether defendant has a meritorious defense; and (3) whether plaintiff will be prejudiced by setting aside the entry of default. *TCI Grp. Life Ins. Plan v. Knoebber*, 244 F.3d 691, 696 (9th Cir. 2001). These are the same factors as those used when determining whether to set aside a default judgment. But when applying them in this context, the Court's discretion is "especially broad." *O'Connor v. Nevada*, 27 F.3d 357, 364 (9th Cir. 1994) (internal citations omitted). The Court discusses each factor in turn.

**1.    Defendant's Culpable Conduct**

"There is a two prong analysis in determining whether the defendant's culpable conduct led to the default. A defendant's conduct is culpable if he or she has received actual or constructive notice of the filing of the action and if he or she intentionally failed to answer." *Moody v. Finander*, 2010 WL 5535703, at *2 (S.D. Cal. Dec. 1, 2010).

The Court finds that Defendant did not intentionally fail to answer because Defendant was not properly served with process. To properly effectuate process, a defendant or its agent must be given a copy of the summons and of the complaint. Fed. R. Civ. P. 4(c). Although the docket indicates that summons was returned executed, a defendant may rebut the validity of service by showing with clear and convincing evidence that it was not actually served. *S.E.C. v. Internet Solutions for Bus. Inc.*, 509 F.3d 1161, 1166 (9th Cir. 2007).

The proof of service was docketed indicating that summons was served on Margaret Wilson. (ECF No. 5.) Margaret Wilson declared under penalty of perjury that, while she was served with a complaint, she was never served with a document entitled "First Amended Complaint Summons in a Civil Action." (Wilson Decl. ¶ 3–4, ECF No. 15-2.) Moreover, CT Corporation, the company registered to receive service on behalf of Defendant—the company that Margaret Wilson works for—has no record of being served with the summons. (Flores Decl. ¶ 4–5, ECF No. 15-3.) Without service of the summons, the Court finds that Defendant was not culpable for the default.

### 2. Whether Defendant Has a Meritorious Defense

"A defendant seeking to vacate a default judgment must present specific facts that would constitute a defense." *TCI Grp. Life Ins.*, 244 F.3d at 700. The defendant need only demonstrate facts or law showing that a "sufficient defense is assertable." *In re Stone*, 588 F.2d 1316, 1319 n. 2 (10th Cir. 1978). Defendant here points to several affirmative defenses, (Answer 5–9), and provides a factual basis for disputing Plaintiff's libel and interference claims, (Peterson Decl. ¶ 5–8, ECF No. 15-4). Based on these allegations, the Court finds that Defendant has a meritorious defense.

### 3. Whether Setting Aside Default Would Prejudice the Plaintiff

To determine prejudice, the Court looks at whether plaintiff's ability to pursue her claim will be hindered. *TCI Grp. Life Ins.*, 244 F.3d at 701. This hindrance must be a tangible harm such as loss of evidence, increased difficulties of discovery, or greater opportunity for fraud or collusion. *Id.* Plaintiff argues that setting aside the default would prejudice her because she has "less law experience than Marten Transport Services attorneys [sic]" and that it would "punish [her] after [her] exact and laborious efforts to do everything correct [sic]." (Opp'n ¶ 6, ECF No. 22.) The Court notes, however, that being forced to litigate the case on the merits is not prejudicial for the purposes of lifting an entry of default. *See Moody*, 2010 WL 5535703, at *4 (citing *TCI Grp. Life Ins.*, 244 F.3d at 701). And without any evidence that Plaintiff would suffer tangible harm, the Court finds that setting aside default would not prejudice the Plaintiff.

### CONCLUSION

In light of the above analysis, the Court **GRANTS** Defendant's motion to set aside default, (ECF No. 15), and **DENIES AS MOOT** Plaintiff's motion for entry of default judgment, (ECF No. 18).

**IT IS SO ORDERED.**

DATED: July 8, 2011

*Janis L. Sammartino*
Honorable Janis L. Sammartino
United States District Judge